IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANNA F. BARNES                                                                                          PLAINTIFF

vs.                                            Civil No. 4:08-cv-04060

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Anna F. Barnes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for disability on July 30, 2003.[2] (Tr. 16, 95-101, 251-256).  Plaintiff alleged she was disabled due to seizures and back problems.  (Tr. 99, 110).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[2] It appears Plaintiff initially filed her disability applications on December 17, 2002.  (Tr. 16).  Those applications, however, are not before this Court.  (Tr. 16).

Plaintiff alleged an onset date of December 9, 2002. (Tr. 96, 251). Plaintiff's applications were initially denied on December 10, 2004, but no reconsidered or revised determination was made on the claims as they were filed in a "No Recon" prototype status. (Tr. 16, 88, 257). *See* SSA's "Conditions for Dismissal," http://www.socialsecurity.gov/OP_Home/hallex/I-02/I-2-4-5.html (stating that "[c]ases processed in 'prototype' states will **not** have a reconsideration determination"). On January 5, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 93). This hearing request was granted, and an administrative hearing was held on July 12, 2007 in Texarkana, Arkansas.[3] (Tr. 293-309). Plaintiff was present and was represented by counsel, John G. Burke, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") C. Greg Cates testified at this hearing. *See id.* On the date of the hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received her high school diploma and had completed a welding apprenticeship program. (Tr. 307-308).

On January 22, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 16-26). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on December 31, 2007. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in any Substantial Gainful Activity ("SGA") since December 9, 2002, her alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back disorder and seizure disorder. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix

---

[3] It appears a prior administrative hearing was held on January 17, 2007. (Tr. 283-292). However, the ALJ held a full hearing on July 12, 2007 to re-address Plaintiff's claims. Therefore, there is no need to address the specifics from the first hearing.

1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 19-26, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), and found her claimed limitations were not entirely credible. (Tr. 19-26). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work, with the ability to lift-carry and push-pull up to 20 pounds occasionally and 10 pounds frequently, the ability to sit 6 hours in an 8-hour workday and the ability to stand and/or walk 6 hours in an 8-hour workday. She should avoid unprotected heights, moving machinery and operating automotive equipment due to seizures. There are no significant restrictions in regard to mental-emotional functioning.

*See id.*

The ALJ then evaluated Plaintiff's PRW. (Tr. 26). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 293-309). Specifically, the VE testified that Plaintiff's PRW included work as a boilermaker (heavy, skilled), cashier (light, unskilled), and waitress (light, semiskilled). (Tr. 307). The VE also testified that a hypothetical person with Plaintiff's age, RFC, education, and work experience retained the ability to perform her PRW as a cashier and waitress. (Tr. 307-308). Based upon this testimony and considering Plaintiff's RFC, the ALJ determined that Plaintiff retained the ability to perform her PRW as a cashier and waitress and that Plaintiff had not been under a disability, as defined by the Act, at any time from December 9, 2002 through the date of his decision or through January 22, 2008. (Tr. 26, Finding 6).

On February 15, 2008, Plaintiff requested that the Appeals Council review the ALJ's

unfavorable decision.  (Tr. 9).  *See* 20 C.F.R. § 404.968.  On July 9, 2008, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 5-8).  On July 25, 2008, Plaintiff filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on August 19, 2009.  (Doc. No. 4).  Both parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's RFC determination is not supported by substantial evidence in the record; (B) the ALJ's PRW determination is not supported by substantial evidence in the record; and (C) the ALJ's disability determination is not supported by substantial evidence in the record.  (Doc. No. 7, Pages 1-4).  In response, Defendant

claims that the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 3-9). Specifically, Defendant argues that substantial evidence supports the ALJ's RFC determination and PRW determination. *See id.* Because all three of Plaintiff's arguments are essentially whether the ALJ erred in evaluating her RFC, this Court will only address that issue.

After reviewing the record in this case, this Court finds the ALJ did not err in assessing Plaintiff's RFC. First, the ALJ did not err in assessing Plaintiff's subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[4] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ properly assessed Plaintiff's subjective complaints pursuant to *Polaski*. Specifically, in analyzing Plaintiff's subjective complaints, the ALJ stated the *Polaski* factors, detailed Plaintiff's medical records and her testimony, and noted the following: (1) Plaintiff's testimony that she suffered from constant, severe back pain was inconsistent with her testimony that she was able to go grocery shopping, do some household work, help her son with his homework, and provide "elder care" for her elderly grandmother; (2) Plaintiff only gave "minimal effort" during her lumbar flex test with Dr. Sharma which indicates that her testimony was not entirely credible; and (3) Plaintiff herself testified that her seizures were under control with medication, but she still claimed she was disabled due to her seizures. (Tr. 24). Because the ALJ reviewed the *Polaski* factors, made these findings, and noted these inconsistencies, the ALJ's credibility determination is entitled to deference. *See Lowe,* 226 F.3d at 971-72.

Second, the ALJ properly assessed the record as a whole in determining Plaintiff retained the ability to perform a full range of light work. Plaintiff alleges disability due to two primary

7

impairments: back pain and seizures.[5] However, despite her complaints of back pain, there is very little medical evidence to support her claims, and in her briefing, Plaintiff provided no reference to any relevant medical records establishing that she suffers from disabling back pain. Plaintiff's MRI testing results from 2003 reflect no serious back problems. (Tr. 193-195). Furthermore, the most recent examination, completed by Dr. Rosharon Sharma, M.D. on December 1, 2007, does not establish that she suffers from disabling back pain. (Tr. 245-249).

In fact, the one piece of evidence Plaintiff relied entirely upon in her appeal brief–the report from Dr. Goins–was submitted to the SSA *after* the ALJ entered its hearing decision. (Tr. 4, 271-274). Even though it was included in the transcript, it is not a part of the record in this case, and Plaintiff has provided no basis for re-opening the record and re-evaluating Plaintiff's claimed disability, based upon this record. *See* 42 U.S.C. § 405 (g) (stating that a Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.").

Furthermore, in her application, Plaintiff alleged she was disabled due to her seizures. (Tr. 110). However, during the administrative hearing on July 12, 2007, Plaintiff reported that her "seizures are pretty much controlled with medication."[6] (Tr. 300). Because this impairment can be

---

[5] According to her application, Plaintiff only claims she is disabled due to these two claimed impairments. (Tr. 110). However, in her briefing, Plaintiff cites different medical records and apparently attempts to claim she is disabled as a result of other impairments as well. (Doc. No. 7, Pages 2-3) (noting areas of "Medical of Concern"). However, Plaintiff has provided no briefing on this issue, and this Court will not address these other alleged impairments. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (holding "we reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

[6] In clarifying her response, Plaintiff again stated her seizures were controlled with medication: "Q: Okay what are you taking for the seizures now? A: I take 300 milligrams of Trileptal twice a day. Q: And that you said pretty much controls it? A: Yes." (Tr. 300).

controlled with medication, it is not disabling. *See Estes v. Barnhart,* 275 F.3d 722, 725 (8th Cir. 2002) (holding that "[a]n impairment which can be controlled by treatment or medication is not considered disabling"). Accordingly, this Court finds that Plaintiff has not established she is disabled due to either back pain or seizures and that the ALJ's disability determination is supported by substantial evidence in the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and must be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE